JAEGGI, Respondent, v. FIRST NATIONAL BANK OF EDEN, SOUTH DAKOTA, et al., Appellants.

### (183 N. W. 365.)

(File No. 4852. Opinion filed June 2, 1921.)

1. **Trials—Directing Verdict—Testimony, Construction of in Whose Favor—Rule Stated.**

In determining whether trial court erred in directing verdict, this Court must construe the testimony favorably to those against whom verdict was directed.

2. **Attorney and Client—Services Re Organizing Bank—Evidence Considered, Plaintiff's Theory of Specified Fee Under Contract Discarded.**

Plaintiff's attorney, in a suit against a national bank and certain subscribers to its stock, for recovery of fees, sought to establish and testified that defendants contracted to pay a specified fee based upon a stock subscription to 250 shares upon which $5 per share was advanced; that he sought to approach them through one V, who however took no steps toward such end; that he performed various services in and about the organization of a national bank; defendants' testimony being in substance that no contract was made; that they subscribed for only 110 shares and that $5 per share was to cover all expenses incident to incorporation. **Held,** there was no ground for recovery on express contract, that plaintiff cannot recover for any time spent in looking to incorporation through V.

Appeal from Circuit Court, Marshall County. Hon. FRANK ANDERSON, Judge.

Action by J. Jaeggi, against the First National Bank of Eden, South Dakota, a corporation, and J. H. Green, Oscar Hagen, Henry Kettler, Joseph Opitz and Frank Schlickewy, Jr., Board of Directors, to recover on contract for legal services performed. From a judgment upon directed verdict for plaintiff, against all defendants save said bank, and from an order denying a new trial, they appeal. Reversed.

*McNulty & Campbell,* for Appellants.
*Gardner & Jones,* for Respondent.

WHITING, J. Plaintiff sued defendants, seeking to recover

$1,250 for certain services claimed to have been rendered defendants in the organization of defendant corporation. He alleged that defendants agreed to pay him such services, and that they were of the reasonable value of $1,250. Upon the trial judgment was directed for the defendant corporation. The court, over the objection of the other defendants, directed a verdict for the plaintiff. From the judgment entered upon such verdict, and from an order denying a new trial, this appeal was taken by all defendants other than the corporation.

[1, 2]   It is the claim of plaintiff, and he testified, that in February, 1919, he was engaged, on behalf of defendants, to organize a national bank at the town of Eden, S. D.; that he spent much time in ascertaining the proper procedure for organizing such a bank, in procuring the necessary papers, and in doing the necessary work leading up to and resulting in the organization of defendant bank; that there was an express agreement to pay him the sum sued for; and that the work performed by him was of the reasonable value of the amount so agreed upon. But in determining whether the trial court erred in directing a verdict, we must construe the testimony favorably to those against whom the verdict was directed. So construing the testimony, it would appear that plaintiff, in February, 1919, conceived the idea of organizing a national bank at Eden; that he approached one Vallness in relation thereto, proposing that Vallness undertake to interest certain other parties by him named; that he asked Vallness to see such parties; that plaintiff went to Nebraska, and was gone some time; that, when he returned, Vallness had not seen the other parties, and had taken no steps to get subscribers for such a bank; that Vallness never had spoken to any of the defendants in relation to organizing such a bank; that these defendants, or some of them, had conceived the idea of organizing a state bank at Eden; that, upon investigation, they found that they would not be allowed to organize a state bank at Eden; that defendants then (along about July, 1919) conceived the idea of organizing a national bank instead of a state bank; that, having heard that plaintiff had the blanks necessary for the organization of a national bank, they approached plaintiff to obtain from him such blanks; that, from that time on, plaintiff did assist in the organization of defendant bank; but that there was never any

agreement whatsoever in relation to the compensation plaintiff should receive for his services. There was offered in evidence a subscription paper signed by the defendants, wherein they subscribed for certain amounts of the capital stock of the bank thereafter to be organized. As a part of the amount subscribed. they agreed to pay in $5 per share to cover the expense of organizing such bank. It was plaintiff's theory that this $5 was all to come to him, and that, inasmuch as there were 250 shares of stock eventually subscribed, that he was entitled to recover $1,250 under this express agreement. There is absolutely no merit to this contention. Plaintiff was not a party to this subscription agreement; the agreement in no manner discloses that he was to receive the $5 per share for his work; the defendants themselves only subscribed for 110 shares. . The evidence of defendants tends to prove that plaintiff himself stated that the $5 per share would more than cover the cost of organizing the corporation and they testified that they never had any agreement with him as to his compensation. There was absolutely nothing to support a recovery based on express contract. Plaintiff, in fixing the claimed value of his services, based his claims on all the services rendered by him, both those rendered before and those rendered after the time when, according to defendant's testimony, he was engaged to assist them in incorporating such bank. It needs no argument to show that, under the facts as testified to on behalf of defendants, plaintiff cannot recover from them for any time spent by him looking to the organization of a corporation by Vallness. Plaintiff can have no claim against defendants for the services which he performed prior to his employment by them. We are at a loss to understand upon what theory the trial court directed a verdict; that it committed error in so doing is perfectly clear.

The judgment and order appealed from are reversed.